UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-CR-60129-KMM

UNITED STATES OF AMERICA

v.

MICHAEL L. MEYER

        Defendant.

_____/

## STIPULATED FACTUAL BASIS

By signing below, the parties stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to conspiracy to defraud the United States, in violation of 18 United States Code, Section 371, and tax evasion, in violation of Title 26, United States Code, Section 7201.

1. **MICHAEL L. MEYER** was a resident of Evansville, Indiana until in or around 2015.  Since 2015, **MEYER** was a resident of Davie and Southwest Ranches, Florida in the Southern District of Florida.  **MEYER** was an attorney licensed to practice law in Indiana and Kentucky.  **MEYER** represented that he had the following licenses and accreditations: Certified Public Accountant, Master of Business Administration, and certified valuation appraiser.

2. From at least January 2013 through April 2021, **MEYER** intentionally and knowingly conspired with Rao Garuda and Cullen Fischel to defraud the United States through the sale and implementation of the Advanced Legacy Plan thereby impeding and defeating the lawful government functions of the IRS with respect to federal income taxes.

3. **MEYER** organized, marketed, and sold an illegal tax shelter called, among other things, the Advanced Legacy Plan and the Ultimate Tax Plan. **MEYER** and his co-conspirators marketed the Advanced Legacy Plan as a way for high-income clients to claim a charitable contribution tax deduction by purportedly donating assets to charity without giving up control of the "donated" assets. **MEYER** and/or his co-conspirators told clients that the plan allowed them to loan their "donated" assets back to themselves and allowed them to buy back their "donations" at a significantly discounted price after three years. The implementation and execution of the plan was illegal. To claim a charitable contribution tax deduction, the taxpayer must completely relinquish dominion and control over the donated property and may not retain use of the donated property or expect a substantial benefit in return.

4. **MEYER**, Garuda, and Fischel, marketed and implemented the Advanced Legacy Plan as a way for high-income clients to decrease their taxes on their income tax returns by claiming false charitable contribution tax deductions.

5. **MEYER** charged and received fees for selling the Advanced Legacy Plan to taxpayers, including charging his clients a fee based on a percentage of the amount transferred to the Entity and an annual administration fee. **MEYER** provided a portion of the fees he collected to others, including Rao Garuda.

6. **MEYER** created boilerplate transaction documents to use with clients, prepared appraisals of the purported donations, prepared and signed IRS Appraisal Forms for clients, assisted in the preparation of federal and state tax returns, controlled the charities that received the purported donations through nominees, and represented clients who were audited by the Internal Revenue Service ("IRS").

7. **MEYER** and his co-conspirators created backdated documents for clients to illegally claim charitable contribution tax deductions after the close of the tax year.

8. After the United States filed an Injunction Suit and issued civil subpoenas to Garuda's company Associated Concepts Agency, Inc. ("ACA") and clients, **MEYER**, Garuda, Fischel, and others, prepared backdated documents, including issuance documents, assignment documents, promissory notes, and written acknowledgements, and directed ACA and clients to submit them to the United States in response to the civil subpoenas.

9. Between in or about January and September 2017, **MEYER** marketed and sold the Ultimate Tax Plan to Client 2 as a way for Client 2 to claim a false charitable contribution tax deduction for tax year 2016.

10. In or about April 2017, **MEYER** prepared and caused to be prepared Transaction documents for Client 2. The Transaction documents were backdated to 2016 to make it appear as if the Ultimate Tax Plan was executed in the prior year. Client 2 signed the backdated Transaction documents.

11. On or about September 7, 2017, **MEYER** prepared and caused to be prepared an Appraisal Form 8283 for Client 2 that falsely reported that Client 2 made a charitable contribution on December 31, 2016, valued at $881,100. **MEYER** falsely declared on the Appraisal Form 8283 that he was a qualified appraiser and that the appraisal fees were not based on a percentage of the appraised property value.

12. On or about October 16, 2017, **MEYER** assisted Client 2 in filing a false 2016 Form 1040 claiming an $881,100 charitable contribution tax deduction in order for Client 2 to evade substantial income tax due and owing by Client 2.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: 1/19/24

MICHAEL BOTELER
Assistant Chief
ANDREW P. ASCENCIO
Trial Attorney
U.S. Department of Justice, Tax Division

Dated: 1/19/24

MICHAEL L. MEYER
Defendant

Dated: 1/19/24

JEFFREY NEIMAN
Attorney for the Defendant

4